# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SA CV 19-01720-DOC-KES            Date: March 12, 2020

Title: ANTHONY LONGOBARDO V. AVCO CORPORATION ET AL

---

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Kelly Davis | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [8]**

Before the Court is Plaintiff Anthony Longobardo's ("Plaintiff") Motion to Remand the case to Orange County Superior Court ("Motion") (Dkt. 8). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Having reviewed the moving papers submitted by the parties, the Court **GRANTS** Plaintiff's Motion.

### I. Background

#### A. Facts

The following facts are drawn from Plaintiff's Complaint ("Compl."), Notice of Removal (Dkt. 1), Ex. A. This action relates to a plane crash in which Plaintiff suffered "severe, permanent and disfiguring injuries" to his body. Compl. ¶ 16. Plaintiff alleges that his injuries are a result of the engine failing, *id.* ¶ 21, and sued Defendant Avco Corporation ("Avco"), Defendant Lycoming Engines ("Lycoming"), Defendant Kelly Aerospace Inc. ("Kelly"), Defendant Consolidated Fuel Systems, Inc. ("CFS"), and Defendant Trimmer Aviation, LLC ("Trimmer") (collectively, "Defendants") for negligence, strict liability, and breach of implied warranty. *See generally* Compl.

### B.     Procedural History

Plaintiff originally filed his suit in Orange County Superior Court, case number 30-2019-01063700-CU-PL-CJC, on April 15, 2019. Compl. at 1. On September 09, 2019, Defendant Avco filed a Notice of Removal (Dkt. 1), based on diversity of citizenship under 28 U.S.C. § 1332. Plaintiff filed the instant Motion (Dkt. 8) on October 08, 2019. On October 28, 2019, Defendant Avco filed an Opposition (Dkt. 14), and Plaintiff submitted his Reply (Dkt. 18) on October 31, 2019.

## II.     Legal Standard

Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted). A federal court may order remand for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c).

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c).

## III.     Discussion

Plaintiff argues (1) that removal is improper because there is a lack of complete diversity as this action has been consolidated with a pending action in Orange County Superior Court that involves a California defendant and (2) the Defendants violated the unanimity requirement because there is insufficient evidence that all Defendants consented to removal. *See generally* Mot. The Court will take each argument in turn.

First, Plaintiff argues that "the present case was consolidated on August 2, 2019 by Judge Robert J. Moss" with a pending case in superior court that includes a California defendant. Mot. at 10. This, Plaintiff argues, means that complete diversity is destroyed, and remand is required. *Id*.

Plaintiff notes that in the Notice of Removal Defendant Avco explained that Judge Moss's order was "limited", and the consolidation was "only for the purpose of destructive testing of the aircraft and components that caused the plane crash." *Id*.; *see also* Notice of Removal at Exh. I ("IT IS HEREBY ORDERED AND ADJUDGED THAT: . . . [the case is consolidated] for the limited purpose of destructive testing on the subject aircraft."). However, "California law does not recognize this type of consolidation" because under California law consolidation may be for all purposes or for purposes of trial only. Mot. at 11; *see also City of Oakland v. Abend*, 2007 WL 2023506, at *4 (N.D. Cal. July 12, 2007) ("In California, there are two types of consolidation: a consolidation for purposes of trial only . . . and a complete consolidation . . . .") (internal quotations omitted). Thus, Plaintiff argues that Judge Moss's order was "ineffective" and that the superior court has treated the order as such. Mot. at 11–12; Reply at Exh. 3 (attaching a notice from Orange County Superior Court rejecting a filing in the state case because the case was consolidated and all documents must be filed in the lead case). Thus, viewing these matters as consolidated this Court should remand, as there is a lack of diversity between the parties. *Id*.

Defendant Avco argues that removal was proper because, under the clear text of Judge Moss's order, the case was consolidated for a limited purpose. Opp'n at 11. Therefore, Avco contends, "the state court does not appear to have necessarily expected a complete consolidation for the duration of the case." *Id*. Defendant Avco also argues that, even if the order to consolidate for a limited purpose was ineffective, this Court should not deem the order a full consolidation but should instead view the cases as not properly consolidated at all. *Id*.

The Ninth Circuit has explained that "consolidation will affect the district court's analysis of removal jurisdiction where the state court's consolidation order 'destroys the identity of each suit and merges them into one.'" *Bridewell-Sledge v. Blue Cross of California*, 798 F.3d 923, 929 (9th Cir. 2015) (internal citations omitted). Further, "[t]he party invoking the removal statute bears the burden of establishing federal jurisdiction" and the statute is "strictly construed *against* removal." *Ethridge*, 861 F.2d at 1393.

Here, though Defendant Avco has provided the Court with an order from the Superior Court consolidating this action with another related action for only a limited purpose, the Court agrees with the Plaintiff that, in effect, the order has "destroyed the identity" of the original suit given that the original suit is no longer accepting filings after the consolidation order. *See* Reply at Exh. 3 (denying Plaintiff's filing in superior court given the consolidation of the action). Given this evidence, and given that this Court strictly construes the removal statute *against* removal, the Court finds that Defendant Avco has failed to meet its burden of establishing federal subject matter jurisdiction. Therefore, the Court **GRANTS** Plaintiff's Motion and remands this action to the Orange County Superior Court. The Court need not consider whether, under Plaintiff's second argument, all Defendants properly consented to removal.

## IV.     Disposition

For the reasons set forth above, the Court **GRANTS** Plaintiff's Motion to Remand. The action is remanded to Orange County Superior Court.

The Clerk shall serve this minute order on the parties.

| | |
|---|---|
| MINUTES FORM 11 | Initials of Deputy Clerk: kd |

CIVIL-GEN